UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10235-RGS

DARLENE CASWELL

v.

STEWARD GOOD SAMARITAN MEDICAL CENTER, INC.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR REMAND

March 22, 2024

STEARNS, D.J.

Plaintiff Darlene Caswell worked for some forty years as an operating room nurse at Norwood Hospital, in Norwood, Massachusetts. Caswell belonged to the Massachusetts Nurses Association (MNA). In 2018, MNA and Norwood Hospital entered into a Collective Bargaining Agreement (CBA), which, as relevant here, defined the right to paid time off (PTO). *See* Notice of Removal, Ex. C (CBA) (Dkt. # 1-3) Art. 10.

In July of 2020, after Norwood Hospital experienced flooding, Caswell transferred to Steward Good Samaritan Medical Center. Steward, Norwood Hospital, and the MNA agreed in July 2020 that the employment of transferred Norwood Hospital nurses would continue to be governed by the

CBA.  *See* Notice of Removal, Ex. E (Dkt. # 1-5).  Caswell worked as a nurse at Steward until she retired in September of 2023.

At the time of Caswell's transfer to Steward, it allegedly misclassified her as a "non-union, per diem nurse."  Compl. (Dkt. # 1-1) ¶¶ 17, 19-20.  Because of the misclassification, Caswell contends that she did not receive two separate raises that were given to MNA member nurses, which she alleges totaled $5,482.  *Id.* ¶¶ 15, 16.  Additionally, at the time of her retirement, Steward allegedly failed to pay Caswell her accrued PTO, totaling $21,152.82.  *Id.* ¶¶ 22, 23.  On November 6, 2023, Caswell sent a demand letter to Steward requesting payment of unpaid wages and accrued PTO.  *Id.* ¶ 24.  After receiving no response from Steward, on December 29, 2023, Caswell brought a complaint in the Wrentham District Court alleging violations of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150 (Count I).  Steward promptly removed the case to the federal district court, asserting that Caswell's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA).  Caswell now seeks a remand to the state court, arguing that LMRA preemption does not apply because the claims are entirely based on Massachusetts law.  The court disagrees and will deny the motion to remand.

## DISCUSSION

As a rule, a defendant may only remove to federal court a state-court action over which the federal court would have had original jurisdiction. *See Industria Lechera De Puerto Rico, Inc. v. Beiro*, 989 F.3d 116, 120 (1st Cir. 2021); *see also* 28 U.S.C § 1441. The grounds for removal must ordinarily be discernible from the face of plaintiff's complaint. Even where a complaint recites only state law, it may nonetheless be removed if the claims depend on interpretation of a CBA. *See Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997). A state law claim depends on a CBA if it alleges conduct that constitutes a breach of a duty arising under the CBA. *Id.*

When a state-law claim implicates LMRA § 301, the burden on the removing party is "not necessarily a heavy one." *Rose v. RTN Fed. Credit Union*, 1 F.4th 56, 61 (1st Cir. 2021); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The LMRA's preemptive sweep is broad, so "a state-law claim may escape [its] preemption only if it requires no more than bare consultation of a CBA, without dispute as to the meaning of any contract terms." *Id.*; *see also Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 12 (1st Cir. 2001) (ruling that under the analogous Railway Labor Act state overtime pay and vacation time claims are uniformly held to be "inextricably intertwined" with interpretation of terms of the CBA).

To succeed on a Massachusetts Wage Act claim, an employee "must, among other things, prove there are wages owed." *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 8 (1st Cir. 2012). Massachusetts law, however, does not require an employer to provide PTO. *See* Mass. Gen. Laws ch. 149, § 148 ("The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement."). Accordingly, any right Caswell has to PTO is created by the CBA. *See Rose*, 1 F.4th at 61. Caswell's Wage Act claim, while a creature of state law, would require a determination of whether she in fact was an employee covered by the Norwood Hospital and MNA CBA. Thus, adjudication of her claims will necessarily require "more than bare consultation of a CBA." *Id*. Because § 301 preemption is complete, proper jurisdiction lies in this court.

## ORDER

For the foregoing reasons, Caswell's motion to remand is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

4